**Motion for Entry of Judgment**

# EXHIBIT A

Settlement Agreement

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into this 13th day of May, 2016, by and between Countrymark Refining and Logistics, LLC ("Countrymark"), and Coop Fuels, Inc. ("CFI").

### Recitals

A.   Countrymark is a limited liability company duly organized and existing pursuant to the laws of the State of Indiana.

B.   CFI is a corporation duly organized and existing pursuant to the laws of the State of Colorado.

C.   Countrymark owns and uses the trademark CO-OP in connection with fuel and fuel-related services (the "CO-OP Mark"), and is the registered holder of United States Trademark Registration Nos. 2,657,529 and 2,679,308.

D.   CFI has been using the mark COOP (the "Infringing Mark") in connection with services it offers in the field of renewable energy. Certain disputes exist by and between Countrymark and CFI concerning CFI's use of the Infringing Mark. As a result, Countrymark filed a Complaint against CFI on April 29, 2016 in the Federal District Court of the Southern District of Indiana, captioned *Countrymark Refining and Logistics, LLC v. COOP Fuels, Inc.*, Case No. 1:16-cv-972 (the "Lawsuit").

E.   Countrymark and CFI have agreed to resolve their disputes concerning the Lawsuit without the expense, uncertainty, and necessity of additional litigation and to settle all possible claims that could be brought in the Lawsuit on the bases stated in this Agreement.

NOW THEREFORE, in consideration of the promises and covenants expressed herein, Countrymark and CFI represent and agree as follows:

1.   **Lawsuit.**   Countrymark and CFI shall enter into the Agreed Entry and Judgment attached hereto as Exhibit A, and the Agreed Entry and Judgment shall promptly be tendered to the Court to resolve the Lawsuit. CFI shall execute, cause to be executed, acknowledge and deliver to Countrymark, at Countrymark's reasonable request, any and all further documents, papers, affidavits, statements, and/or other instruments, necessary to cause the Court to accept and enter the Agreed Entry and Judgment.

2.   **Materials.**   CFI, at its own cost and expense, shall immediately revise or destroy any and all materials containing the Infringing Mark so that such materials no longer bear the Infringing Mark; such materials shall include, but not be limited to, written or printed materials in CFI's possession (if any), by way of example but not limitation, any and all CFI catalogs, instructional manuals, price lists, technical manuals, sales aids, photographs, drawings, customer lists, potential customer lists, labels, signage, websites, social medial accounts, and any other demonstrative or electronically transmitted materials. CFI represents and warrants that it owns no domains that include any of Countrymark's federally registered trademarks.

3. **CFI'S Corporate Name.** CFI shall select a new corporate name that does not include the Infringing Mark, the word CO-OP, or any other name or mark that is or may be confusingly similar to Countrymark's CO-OP Mark. CFI shall make all filings necessary with the IRS and the Colorado Secretary of State to adopt its new corporate name, and such process shall be completed by September 30, 2016.

4. **CFI's Ongoing Obligations.** Notwithstanding paragraph 3 above, CFI shall, at its own cost and expense, immediately refrain, either directly or indirectly, from engaging in the following:

   a. Using the Infringing Mark, the word CO-OP, or any other name or mark that is or may be confusingly similar to Countrymark's CO-OP Mark, in any medium or format, whether now known or hereinafter to be discovered or developed.

   b. Registering or attempting to register (i) the Infringing Mark; (ii) any mark that incorporates the literal element CO-OP or COOP; (iii) any mark that is or may be confusingly similar thereto, in any jurisdiction; or (iv) any domain that includes the Infringing Mark, any of Countrymark's federally registered trademarks, or any terms confusingly similar thereto.

   c. Taking any action inconsistent with Countrymark's ownership and use of the CO-OP Mark.

   d. Disparage Countrymark or any of its agents, employees, officers, directors, attorneys, representatives, insurers, successors, assigns, members, parent and related companies, and affiliates.

5. **Release.** Except as provided in this Settlement Agreement, the parties each release the other, and such parties' respective agents, employees, officers, directors, attorneys, representatives, insurers, successors, assigns, members, parent and related companies, and affiliates, from any and all claims, demands, or causes of action, known or unknown, arising from or relating to the Lawsuit, and that were, our could have been brought, in the Lawsuit.

6. **Outstanding Claims.** CFI and Countrymark represent that they maintain no claims, rights, demands, or causes of action against each other (or their respective agents, employees, officers, directors, attorneys, representatives, insurers, successors, assigns, members, parent and related companies, and affiliates) arising out of or relating to the Lawsuit, other than those claims, rights, demands, or causes of action which are being released and discharged pursuant to this Settlement Agreement.

7. **Attorneys' Fees and Costs.** The parties each shall bear their own attorneys' fees and costs incurred and associated with preparing this Settlement Agreement. In any action or proceeding brought to enforce any provision of this Agreement, Countrymark shall be entitled to recover reasonably attorneys' fees in addition to any other available remedy.

**8.  Entire Agreement.** This Settlement Agreement contains and embodies the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Settlement Agreement. No modification or waiver of the terms and conditions contained herein shall be of any force and effect unless such modification or waiver shall be in writing and signed by the parties. This Settlement Agreement shall be binding on the parties, their successors and assigns.

**9.  Severability.** If any provision of this Settlement Agreement shall be deemed to be prohibited, invalid or unenforceable in any jurisdiction, such a provision shall be deemed ineffective only to the extent of such prohibition or unenforceability and without invalidating the remaining provisions hereof or affecting the validity or enforceability of the same, and all such remaining terms and provisions shall remain in full force and effect.

**10.  Governing Law and Jurisdiction.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana. Jurisdiction for any dispute concerning this Settlement Agreement shall be in the state or federal courts in Marion County, Indiana.

**11.  Acknowledgment.** This Settlement Agreement is the result of negotiations, and no particular person(s) or entity(ies) shall be deemed to be the drafter of this Settlement Agreement. The parties each represent and warrant that: (a) they are authorized to enter into and execute this Settlement Agreement; (b) the information furnished in this Settlement Agreement is true and accurate; (c) they have read this entire Settlement Agreement; (d) they understand the terms and conditions of this Settlement Agreement as well as the consequences of entering into this Settlement Agreement; (e) they have knowingly and voluntarily entered into this Settlement Agreement; (f) they have been represented by an attorney in connection with entering into this Settlement Agreement; and (g) this Settlement Agreement shall inure to the benefit of and be binding upon the parties and their agents, representatives, insurers, successors, or assigns.

| COOP Fuels, Inc. | Countrymark Refining and Logistics, LLC |
|---|---|
| By: _____ | By: _____ |
| Name Printed: Blessing Egbon | Name Printed: Charlie Smith |
| Title: President | Title: President and CEO |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COUNTRYMARK REFINING AND LOGISTICS, LLC, an Indiana limited liability company<br><br>        Plaintiff,<br><br>v.<br><br>COOP FUELS INC., a Colorado corporation<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:16-cv-972<br>)<br>)<br>)<br>)<br>) |

## AGREED ENTRY AND JUDGMENT

Plaintiff, Countrymark Refining and Logistics, LLC ("Countrymark"), and the Defendant, COOP Fuels, Inc. ("CFI"), by their respective counsel, respectfully submit this Agreed Entry and respectfully request that the Court enter a Judgment consistent therewith.

A.    Countrymark is a limited liability company duly organized and existing pursuant to the laws of the State of Indiana.

B.    CFI is a corporation duly organized and existing pursuant to the laws of the State of Colorado.

C.    Countrymark owns and uses the trademark CO-OP in connection with fuel and fuel-related services (the "CO-OP Mark"), and is the registered holder of United States Trademark Registration Nos. 2,657,529 and 2,679,308.

D.    CFI has been using the mark COOP in connection with services it offers in the field of renewable energy. Certain disputes exist by and between Countrymark and CFI concerning CFI's use of the mark COOP (the "Infringing Mark"). As a result, Countrymark filed

4

US.106251931.01
US.106409956.01



a Complaint against CFI on April 29, 2016 in the Federal District Court of the Southern District of Indiana, captioned *Countrymark Refining and Logistics, LLC v. COOP Fuels, Inc.*, Case No. 1:16-cv-972 (the "Lawsuit").

E.  Countrymark and CFI have agreed to resolve their disputes concerning the Lawsuit without the expense, uncertainty, and necessity of additional litigation and to settle all possible claims that could be brought in the Lawsuit on the bases stated in this Agreement.

IT IS THEREFORE ORDERED AND ADJUDGED THAT:

1.  CFI, at its own cost and expense, shall immediately revise or destroy any and all materials containing the Infringing Mark so that such materials no longer bear the Infringing Mark; such materials shall include, but not be limited to, written or printed materials in CFI's possession (if any), by way of example but not limitation, any and all CFI catalogs, instructional manuals, price lists, technical manuals, sales aids, photographs, drawings, customer lists, potential customer lists, labels, signage, websites, social medial accounts, and any other demonstrative or electronically transmitted materials.

2.  CFI shall, at its own cost and expense, immediately refrain, either directly or indirectly, from engaging in the following:

    (i)   Using the Infringing Mark, the word CO-OP, or any other name or mark that is or may be confusingly similar to Countrymark's CO-OP Mark, in any medium or format, whether now known or hereinafter to be discovered or developed.

    (ii)  Registering or attempting to register (i) the Infringing Mark; (ii) any mark that incorporates the literal element CO-OP or COOP; (iii) any mark that is or may be confusingly similar thereto, in any jurisdiction; or (iv) any domain that includes the Infringing Mark, any of Countrymark's federally registered trademarks, or any terms confusingly similar thereto.

    (iii) Taking any action inconsistent with Countrymark's ownership and use of the CO-OP Mark.

5



        (iv)    Disparage Countrymark or any of its agents, employees, officers, directors, attorneys, representatives, insurers, successors, assigns, members, parent and related companies, and affiliates.

3. If CFI fails to comply with this Agreed Entry and Judgment, this Court may hold CFI in contempt or issue some other order imposing sanctions that this Court deems appropriate.

4. The Clerk of this Court is hereby ordered to enter this Agreed Entry and Judgment in the judgment docket.

AGREED TO AND APPROVED BY:

_____

Amie Peele Carter
Attorney No. 19523-29

Louis T. Perry
Attorney No.19523-29A

David K. Herzog
Attorney No. 8021-49

FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317-237-1000

Attorneys for Countrymark Refining
and Logistics, LLC

_____

Blessing K. Egbon
President
Coop Fuels Inc.
725 Keystone Park Dr., Suite 102
Morrisville, NC 27560
800-266-7024

## JUDGMENT

The Court, having reviewed the Agreed Entry, orders and decrees that a Judgment shall be and is hereby entered in a manner consistent with the Agreed Entry. The terms of the Agreed Entry are adopted and incorporated by reference and made a part of this Judgment as if fully set forth herein.

Dated:_____

_____
Judge, U.S. District Court
Southern District of Indiana

Distribution:

Amie Peele Carter
Louis T. Perry
David K. Herzog
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317-237-1000

Blessing K. Egbon
Coop Fuels Inc.
725 Keystone Park Dr., Suite 102
Morrisville, NC 27560
800-266-7024

8